IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| FRED ANDERSON, IV and,<br>KELLEY S. ANDERSON,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CINCINNATI INSURANCE COMPANY,<br><br>    Defendant. | **THE CINCINNATI INSURANCE COMPANY'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441 (b) (Diversity)** |

Defendant, The Cincinnati Insurance Company ("Cincinnati" or "Defendant"), by and through the undersigned counsel, hereby gives notice, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, that it has removed the above-captioned matter to the United States District Court for the Western District of North Carolina, Charlotte Division (the "Notice"). A copy of this Notice is being filed with the Clerk of the Superior Court of Mecklenburg County, State of North Carolina, pursuant to 28 U.S.C. 1446(b).[1] In support of this Notice, Cincinnati states the following:

**PROCEDURAL HISTORY AND CASE BACKGROUND**

1. On November 12, 2024, Plaintiffs Fred Anderson, IV, and Kelley S. Anderson ("Plaintiffs") filed a legal complaint against Cincinnati in the Superior Court of Mecklenburg County, State of North Carolina (the "Complaint"). *See Exhibit A, Complaint.* The Complaint was assigned case no. 24CV052655-590. *Id.*

---

[1] By filing this Notice of Removal, Cincinnati does not admit that Plaintiffs are entitled to the relief sought in the Complaint, that any claimed damages are recoverable, or that punitive damages or attorneys' fees are appropriate; rather, Cincinnati asserts only that the amount in controversy, as alleged by Plaintiffs, satisfies the jurisdictional requirements for removal.

1

2. The time for Cincinnati to respond to the Complaint or remove this Action to Federal Court has not yet expired. On December 30, 2024, North Carolina Department of Insurance Commissioner, Mr. Mike Causey, and Special Deputy for Service of Process, Courtney Ethridge, accepted service of Plaintiffs' Summons and Complaint. *See Exhibit B, Letter of Acknowledgment.* The North Carolina Department of Insurance thereafter forwarded the Summons and Complaint to Cincinnati, via U.S. Certified Mail, which Cincinnati received on January 28, 2025. *See Exhibit C, Certified Mail Envelope; see also Exhibit D, USPS Tracking Receipt.* Accordingly, Cincinnati has until February 27, 2025, to respond or remove this Civil Action to Federal Court.[2]

3. Plaintiffs' Complaint concerns whether an insurance policy issued to Plaintiffs by Cincinnati (the "Policy") (*see* Exhibit E, a certified copy of the Policy) requires Cincinnati to indemnify them for damages Plaintiffs allege they incurred from wind and/or hail on July 8, 2023, at their residence located at 1732 Maryland Avenue, Charlotte, North Carolina (the "Residence"). *See Ex. A, Complaint, ¶¶6-8.*

4. Plaintiffs' Complaint alleges two legal counts against Cincinnati: Count I is for Breach of Contract and Count II is for Restitution/Unjust Enrichment/Quantum Meruit. *See id.* at *¶¶13-17 and 18-22, respectively.* Per the allegations in Plaintiffs' Complaint and the balance of information otherwise available, removal of Plaintiffs' Complaint to this Honorable Court is proper.

---

[2] A defendant has 30 days from the date of service of process to file a notice of removal to federal court. *See* 28 U.S.C. § 1446(b). Under *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the 30-day period for removal under 28 U.S.C. § 1446(b) starts only when the defendant is formally served with the summons and complaint. *See Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 391 (4th Cir. 2018). The Fourth Circuit in *Elliott* further clarifies that service on a statutory agent does not trigger this time period, as it does not guarantee the defendant receives actual notice. *Id.*

## JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

5. Under 28 U.S.C. § 1332, this Court has "original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states . . .." *Id.* Here, both criteria are met.

### A. The Amount in Controversy Exceeds $75,000.

6. A federal court has diversity jurisdiction over an action when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties have complete diversity of citizenship. *See* 28 U.S.C. § 1332(a); *see also Snyder v. Harris,* 394 U.S. 332, 335, 89 S. Ct. 1053, 1057, (1969); *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238, 64 S. Ct. 5 (1943) (holding that punitive as well as compensatory damages are to be considered in determination of whether requisite jurisdictional amount is actually in controversy); *Shanaghan v. Cahill,* 58 F.3d 106, 109 (4th Cir. 1995) (holding consistent with *Snyder v. Harris*).[3]

7. Here, the amount in controversy exceeds $75,000, exclusive of interest and costs. In Count I, Plaintiffs seek "actual damages ***in the amount of the policy*** plus interest." *See Ex. A, Complaint, ¶17.*

8. The Policy limit for Plaintiff's Residence is $752,000. *See Ex. E, Policy, p. 1 of 49*, Form DDH (1/15). The Policy also contains limits for Other Structures, Personal Property of the Plaintiffs, and for the Loss of Use. *Id.* These amounts are, respectively, $150,400; $526,400; and $150,400. *Id.* Thus, if Plaintiffs' insurance claim, relative to this

---

[3] Pursuant to 28 U.S.C. § 1446(a), a removing party need only make a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of [diversity of citizenship], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy ....").

legal Action, pertains only to the Residence "the amount of the policy" limit is $752,000. And, if Plaintiffs' insurance claim, again relative to this legal Action, includes Other Structures, Personal Property, and Loss of Use, then "the amount of the policy" is $1,579,200.00. *Id.*

9. Along with actual damages, Plaintiffs' Count I seeks an unidentified amount of "attorney's fees," "punitive damages," and "consequential damages," including "unrepaired damage to the Property." *See Ex. A, Complaint, ¶17.*

10. Turning to Count II, Plaintiffs incorporate each of its prior allegations, including those in Paragraph 17, wherein Plaintiffs seek "actual damages ***in the amount of the policy*** plus interest." *See Ex. A, Complaint, ¶17.*

11. Further, in Count II, Plaintiffs seek restitution of the Policy premium, which totals $1,821.00, as well as "consequential damages;" "special" and "incidental" damages; and "attorney's fees." *See Ex. A, Complaint, ¶22.*

12. Clearly, the amount in controversy exceeds $75,000.00. Accordingly, removal is proper under 28 U.S.C. § 1332(a),

B. **Complete Diversity of Citizenship Exists.**

13. Plaintiffs assert they are domiciled in Mecklenburg County, North Carolina. *See Ex. A, Complaint, ¶ 1.* As such, Plaintiffs are citizens of North Carolina.

14. Defendant is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Ohio. *See Ex. A, Complaint, ¶2* (Plaintiffs allege Cincinnati is a foreign corporation); s*ee also* Exhibit F, Ohio Secretary of State Business Details regarding The Cincinnati Insurance Company; *see also* 28 U.S.C. § 1332(c)(1) (stating "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business"). Thus, Cincinnati is a citizen of Ohio.

15. Therefore, because Plaintiffs are citizens of North Carolina and Cincinnati is a citizen of Ohio, complete diversity exists between the Parties.

C. **The Notice of Removal is Timely.**

16. This Notice of Removal is timely under 28 U.S.C. § 1446, which requires filing within 30 days of service. Cincinnati was served on January 28, 2025, making this filing within the statutory deadline. *See supra*, incl. Exs. B, C, and D.

## LEGAL ARGUMENT

17. Because the jurisdictional amount in controversy in this matter exceeds $75,000, exclusive of interest and costs; this matter is between citizens of different states; and this Notice of Removal is timely under 28 U.S.C. § 1446, this Honorable Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. *See* 28 U.S.C. §§ 1332(a), 1441, and 1446.

18. Pursuant to 28 U.S.C. § 1441(a), this Court is the proper venue for removal because it is the district and division embracing the place where the originally filed State Civil Action is pending.

19. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiffs and shall be contemporaneously filed with the Clerk's Office for the Superior Court of Mecklenburg County, North Carolina. A copy of the Notice of Removal to Opposing Counsel and the Notice of Filing the Notice of Removal, both of which shall be filed in this Civil Action, are attached hereto as *Exhibits G and H*, respectively.

20. This Notice of Removal is not a waiver of Cincinnati's defenses, nor should it be understood or construed as a waiver of any defense Cincinnati may have against any

5

Case 3:25-cv-00147-MOC-DCK    Document 1    Filed 02/27/25    Page 5 of 7

of the allegations in the Complaint, or as a general appearance or waiver of any defense based upon lack of jurisdiction or for failure to state a claim.

WHEREFORE, Defendant, The Cincinnati Insurance Company, requests that the above-captioned Civil Action be removed from the Superior Court of Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina.

This the 27th day of February 2025.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ T. Nicholas Goanos
T. Nicholas Goanos, NC Bar No.: 45656
11525 N. Community House Road, Suite 300
Charlotte, North Carolina 28277
Telephone: (704) 543-2321
Facsimile: (704) 543-2324
Email: tgoanos@butler.legal
*Attorney for The Cincinnati Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *THE CINCINNATI INSURANCE COMPANY'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441 (b) (Diversity)* has been electronically filed with the United States District Court for the Western District of North Carolina on the 27th day of February, 2025, by using the CM/ECF system and by email addressed to the following:

> Frederick L. Terrell, Esq.
> Terrell Law Firm, PC
> fterrell@terrell-lawfirm.com
> PO Box 1228
> Hamlet, North Carolina 28345-1228
> *Attorney for Plaintiffs*

/s/ T. Nicholas Goanos
T. Nicholas Goanos